This is Wells Fargo Bank. Mr. Matthews is here for Gordon, and Mr. Ebbs is here for Wells Fargo. Yes, Dennis. And once you're all situated there at council table, Mr. Matthews, you may begin. My client, Neil Gordon, is with me. Good morning, your honors. May it please the court. He is an attorney, and he is the trustee in the case below. Good morning, your honors. May it please the court. Your honors, this issue involves an appeal arising under the statutes of the state of Georgia. And all parties agree that a mortgage or security deed with certain defects in attestation or acknowledgement can be avoided by a bankruptcy trustee in a federal bankruptcy case because the trustee has the rights and powers of a bona fide purchaser under applicable law. And the applicable law in this case, your honors, is Georgia law. So as to the statutes dealing with security deed involved in this case, all parties also agree that we are dealing with the statutes as they were worded prior to the 2015 amendments. Anytime I mention today a statute that was in effect as to the security deed in question in this appeal, I am talking about such statute as it was worded and effective in 2012 when this security deed was recorded. Now the short statement of the issue is whether a security deed recorded prior to these 2015 amendments is defective if the security deed has only one attesting witness rather than two attesting witnesses. Why can't we just look at the plain language of this statute? It seems to be clear that if you have attestation by one witness and acknowledgement by an officer like a notary, then that's sufficient to comply with the statute. The language, what do we do with the words in the statute or, twice, in subsection 1 and subsection 2? That, your honors, the error that the bankruptcy court made is not looking at the history of the statute because it's been similarly worded since about the 1800s, early 1800s. And also, your honor. Why can't we just look at the language of the statute itself though? Because it has been interpreted differently since the 1800s even though it had been worded the same. In what case? Well, the case of Gardner v. Moore, Gardner and Dexter Company v. Moore, Trimble and Company, which is 51 Georgia 268 from 1874. It was paraphrasing the same statute or the predecessor of this statute at the time and it said you need two witnesses. Don't we have a more recent interpretation in a few cases that your client is pretty familiar with? Well, the most recent interpretation was in Gordon 2 is what we call it, which is Gordon v. Wells Fargo. Wells Fargo was involved and Mr. Gordon was involved. The district court took dicta out of that case. That case involved a situation where there was no attesting witness whatsoever or where an acknowledgment was argued to be able to cure a patent defect. Dicta in that case just paraphrased the statute and said, well, attested or acknowledgment is all the statute says. But the same case also has a statement. In order for a deed to be in recordable form, it must be attested by an official witness and an unofficial witness. Doesn't the Gordon 2 decision say this court has recently held that a security deed is filed, recorded, indexed, and then goes on to say attested or acknowledged by a proper officer? Yes, Judge Grant. I would submit, however, that that's not what they held. So they are misstating their own holding. They're actually quoting from their own holding. They're quoting from Gordon 1 and Gordon 1 did not hold that. I might not be very popular with my former colleagues if I wrote an opinion saying that they've misunderstood their own holding. I understand, Your Honor, but the facts of Gordon 1 are that there was no attesting witness whatsoever. Now, going back to Judge Wilson's question, the reason we can't just look at this plain language of the statute is it's not necessarily plain. The words attested or acknowledged are used in two places. One has to an attesting officer and, again, has to at least one other witness. So a witness— Can a notary public be an attesting witness? I think Georgia said it can. It can, but a non-notary cannot be—cannot perform the act of an acknowledgment. I think the wording of the statute is such that it appears you only need—you can attest, you can have a notary attest or acknowledge, and you can have one other witness, non-official witness, attest or acknowledge. That actually makes no sense. An acknowledgment is an official act, and actually an officer making an acknowledgment did not witness the signature of the borrowers or the mortgagees. An acknowledgment is the act of the borrowers or mortgagees going before that officer and saying, that's my signature already there. I signed it, and I want you to execute an acknowledgment query, and I basically swear that that's my signature and that I signed this document. That sounds like a slightly different argument, I think, than the one that we've heard. I hadn't read your briefs to suggest that there was any particular infirmity with the two parties who the other side says are responsible for the attestation or acknowledgment. I thought your argument was purely a statutory one. Are you now suggesting that there is a problem apart from the statutory issue? No, Your Honor. I'm not suggesting there's a problem with the wording of the statute. If Your Honors want to say it's clear and unambiguous, it actually has a problem in the statute. It's not a problem that I'm suggesting exists in this security deed. The security deed was executed and was signed by only one unofficial witness. That witness is not a notary. There's nothing on the signature page that says that witness is a notary, and nobody has argued that that witness is a notary. She just signed it. There's two signature lines for two witnesses, and she signed the same in both places. On a separate page is where the notary act of acknowledgment is set forth. So the borrowers, after signing in the presence of a single witness, there's only one witness that signed that page, signed, sealed, and delivered in the presence of a single unofficial witness. The borrowers then went before a notary and said, that's my signature. We want you to acknowledge and execute an acknowledgment, and that's what the notary did. So there is an official act of a notary on this document. But the reason that we assert that two attesting witnesses are needed is this statute says, and in the case of real property, at least one other witness. And that language has been in there since at least 1827. And the reason that language has been in there is this statute, or its predecessor, has always applied not only to deeds or security deeds of real property, but also to deeds of land, security deeds relating to land. Are there two separate statutes, though? There's a chapter, 44-14-61 says you look to the statute regarding mortgages to determine how a security deed should be recorded. Right. So when you look to the statute regarding mortgages, which is the statute that Judge Wilson quoted a minute ago, it's 44-14-33. And that statute says, and in the case of real property, at least one other witness. And since this statute traces back almost to the days when Georgia was a colony, back in the day before uniformed commercial code or typewriters or Xerox paper, deeds on personalities such as bales of cotton had to be recorded in order for the creditor to protect their interest in those bales of cotton. And so that's why the legislature said that as to personality, only one witness is needed, and in the case of real property, at least one additional witness. And we have cases that make that distinction. They're cited in the briefs, but the key cases are Farmers Warehouse Company versus First National Bank of Milledgeville. And that case referenced that crops don't become personal property until they are detached from the soil. When they're in the soil, they are real property. And as to real property, you need two witnesses. And as to personal property, you need one witness. And another reason why you can't look at the statute as clear and controlling is the leading treatise in Georgia is a treatise called Pindar. Some people pronounce it Pindar, but I have it on good authority that he himself pronounced it Pindar. The 7th edition of Pindar has a section 20-18 that says, the requirements for the attestation and or acknowledgement of a mortgage of land are the same as those for all other deeds. It must be attested by the signature of two witnesses, one of which must be an officer authorized to attest registrable instruments. Section 1960 of the same treatise says, an acknowledgement does not obviate the necessity of attestation by two witnesses. I think the problem we have is that as authoritative as that treatise may generally be, it's in pretty clear conflict with the language of the statute. How do we rely on a treatise rather than a statute when making this decision? The other reason that the statutes in Georgia have always been a mosaic of interlocking statutes, 44-2 has to do with recordation of deeds and other instruments relating to real property. That is really where you find the statute regarding what an acknowledgement means. And that statute, even within that statute, it states, it has the statement, this is 44-2-14, however, nothing in this code section shall dispense with another witness where an additional witness is required. So you have this reference in 44-2 that again references the need for one additional witness if some other statute says an additional witness is required. Out of time. Sounds like we've got enough Georgia law to permit us to arrive at a principle rather than a conjectural conclusion then, right? We don't need to certify the issue to the Georgia Supreme Court because there's enough Georgia law that we can rely upon to interpret the statute? Well, we would contend that the historical cases interpreted, the predecessors of the statute are the clear and controlling evidence, clear and controlling precedent that mandates the reversal of the courts below. But at the very least, based upon tender and the actual confusing wording of this statute, we feel that at the very least there would be an ambiguity that would require certification to the Georgia Supreme Court. All right. Thank you, Mr. Matthews. Thank you. Mr. Ebbs. Good morning, Your Honors. Arthur Ebbs from Womble, Bon Dickinson, together with Austin James from Fidelity National Law Group and several of my colleagues from Womble are in the gallery this morning. We represent Wells Fargo National Bank in this appeal. I think Judge Wilson and Judge Grant, you all narrowed down the issues pretty well. Towards the end of the Trustees Council's presentation, he talked about PENDER and it being an authoritative treatise in the state of Georgia, which is generally true. And I think one thing that the Court is aware of, that in 2015 the recording statutes in Georgia were significantly overhauled. It's very interesting that PENDER notes explicitly in Section 2120 that the requirement for the attestation and or acknowledgement of a deed to secure debt was modified by the Georgia General Assembly effective July 1, 2015. 44.14.61 was amended to provide that in order to admit a deed to secure debt to record, it should be signed by the maker and attested by an officer, as provided in Section 15. But PENDER states, this amendment deletes the provision that allowed a deed to secure debt to be proved in the manner prescribed for mortgages, which allowed a signature to be acknowledged. The sole issue in this case is whether or not the security deed executed by the Kriegs was duly admitted to record in the Henry County Superior Court. Georgia law is abundantly clear that it was. The statutes are clear, the case law from the Georgia Supreme Court is clear, and even PENDER's leading authoritative treatise in Georgia is clear that prior to 2015, attestation or acknowledgement were permitted. What was your citation to PENDER there? That was Section 2120, Judge. It's the section of PENDER's that relates to security deeds. But we don't have any case that tells us whether a mortgage is duly recorded if it's acknowledged by an official witness and attested by an unofficial witness, do we? Well, Judge, I think what you've got are Gordon 1 and Gordon 2, which are the recent, relatively recent within the last decade, Georgia Supreme Court decisions, one of which Gordon 1 was certified by the Northern District, Gordon 2 was certified by this court. And the reason that I ask that question is if that's the case, why shouldn't we certify it? Why shouldn't Georgia decide the issue rather than us? As Judge Grant pointed out during the appellant's argument, Gordon 2, Georgia Supreme Court, 292 Georgia 474, says, this court has recently held that a security deed is duly filed, recorded, and indexed only if the clerk responsible for recording determines from the face of the document that it's in the proper form for recording, meaning that it is attested or acknowledged by a proper officer, and in the case of real property, an additional witness. In this case, you've got an acknowledgment by a notary public, her name's Arnice Foster, and you have an attestation from an unofficial witness named Sylvia Corsi. Yes, sir. And so you have both of those requirements met. You know, I said at the outset of my presentation the statutes are clear. You know, I think one thing that's worth talking about is what is a security deed? Well, in Georgia, it's a creation, a statute. It's OCGA 44-1460. It's a special type of deed that is related to a mortgage. It's in its own section of the code, and that's something that's been long recognized by Georgia judges. One of your predecessors on the federal bench here in the Northern District of Georgia back in 1923, Judge Sibley, said in N. Ray Hemet, which is a case cited in our briefs, that with regard to a security deed, its attestation and record are controlled not by statutes related to deeds of bargain and sale, but by special provisions requiring that it be attested or proved in the manner prescribed by mortgages. And if you look at our modern statute, or at least before 2015, which is OCGA 44-1461, it states that in order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages. So the only requirement under our statutes in Georgia to admit a security deed to record is that it be attested or proved in the manner required for mortgages. That language, proved, is somewhat archaic, but I think we're in agreement that it means acknowledged. And when you roll over to the recording statute related to mortgages, language is very clear, as Your Honors pointed out during the appellant's argument or presentation. In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgement of deeds in bargain and sale. So that's requirement number one, and we've got that because we've got the acknowledgement of Ms. Foster as to the borrower's signatures. So it's present. The reference to the, as prescribed for the attestation or acknowledgement of deeds in bargain and sale, is a reference to the type of officer that has to sign the attestation or acknowledgement, and that's something that the Georgia Supreme Court in Gordon 1 recognized, that that's what that reference is to. And the second part of the mortgage recording statute is that in the case of real property, mortgage must also be attested or acknowledged by one additional witness. Well, the additional witness in this case, in addition to the officer, is the lady who signed as the unofficial witness directly beneath the signatures of the Kriegs. So the requirements are met, and the statute's clear because it's been duly, because the requirements are met, the security deed was duly recorded by the Superior Court of Henry County, which does provide constructive notice and defeats the avoidance argument being made under the bankruptcy code. We've kind of touched on the cases already, but there is a plethora of authority. The Gordon 1 and Gordon 2, as we've talked about, Gordon 2 actually says that the court held that either one of these two things is acceptable. That's exactly what happened. There's a case from 1996, the Leeds Building Company case that's cited in our briefing, that discusses the exact same thing, that attestation or acknowledgement by either is appropriate. I think one of the things that the trustee may have argued in his presentation is that the statute is somehow confusing because it would permit a secondary witness to attest instead of acknowledge, but that's not the case. There's absolutely no restriction anywhere that there could not be two acknowledgements as to this deed. I talked about penders as well. The key thing in penders is Section 2120. It does, the trustees pointed to some language that might be kind of sloppy. The words attestation, acknowledgement, or sometimes attestation sometimes shows up as shorthand for attestation or acknowledgement. But the Pender 2120 related to the recordation of security deed is very clear that a mortgage must be attested by or acknowledged by one of the officers. Again, I'd point you to that latest amendment to penders that I spoke about in my introduction. That's really the thrust of my presentation, Your Honors. The Georgia law is clear and controlling. You've got plenty of authority from the Georgia Supreme Court, as Judge Grant pointed out, or former colleagues had stated specifically that they held something, and that is certainly enough for this court to make a principled conclusion and decline to certify the question. And the law, in fact, is so clear just using normal rules of statutory interpretation and layering the Georgia case law on top of this that the bankruptcy court got it right and should be affirmed because this security deed was duly admitted to record under Georgia law. And unless you have any further questions for me, I'm happy to yield back the balance of my time. Thank you, Mr. Ebbs. Thank you, Judges. I appreciate the time. Mr. Matthews, you have reserved some time for rebuttal. Yes, Your Honor. Mr. Ebbs had indicated that, no, Your Honor indicated correctly there aren't any cases that really relate to these specific facts. He can't point to a single case where this was accepted as being a recordable form deed, security deed. No case that just has one attesting witness and one acknowledgment has even in dicta been held to be recordable form. We've cited plenty of cases, and they've criticized us for claiming it's dicta, but plenty of cases actually cite section 44-5-30, which relates to deeds of conveyance of land, not to security deeds. But those cases cite that statute in connection with cases that involved security deeds. What's your response to the fact that the Georgia General Assembly amended the statute following Gordon 2 to use terms that are much more in keeping with what you're suggesting the statute meant before? There's still a place that's going to cause confusion in the future, but it's 44-2-18, which still says a instrument can be acknowledged after the fact. Now they seem to have read that out, but I would wager that there's still acknowledgments being executed right now today at banks and other lenders. The reason you have to look to 44-2 is because the statutes are a mosaic. You can't just look to one place, and I can demonstrate this fairly quickly. 44-5-33, which involved actual deeds to land, deeds of conveyance, all it said prior to 2015 amendment was you need two attesting witnesses. Now that's very clear. Unfortunately, the mortgage statute is not as clear, but 44-5-33 just says you need two witnesses. It doesn't say anything about an acknowledgment. In fact, it doesn't say anything about needing an official witness. So to demonstrate that it's a mosaic, you have to look to 44-2, which is where you find these requirements for what can make any instrument relating to land recordable. What about the canon of interpretation that demands that we look to the more specific statute over the more general statute? I think, again, the 44-14-33 does reference what is needed for a security deed, but it cannot be the only place you look for what is needed to record a security deed because Chapter 2 is called Recordation of Deeds to Land and Other Instruments. And again, you have that reference in there that seems to be referring back to the mortgage sections because it uses the same terms that indicate, and nothing in this statute will obviate the need for having two witnesses where two are required. What if we had a statute that said deeds for all houses require two signatures, and then there was a different statute that said deeds for brick houses require one signature? What would you do in that situation? What would you see the requirement for brick houses as being? It would still need only one signature, but it would need to be an official, or the one witness signing would have, if there's only one witness that's not official, they'd have to go under 44-2 and get an acknowledgment. So going back also again, so we believe you have to look at these statutes as a mosaic, as an interlocking scheme for recordation. There's a layout of the statutes that calls for attorneys and courts to look in more than one place. Now again, Mr. Eves has made the argument that this statute is clear and unambiguous. He's cited to the new version of PENDER, which is the post-2015 version, and that certainly calls upon the new statute that says you need one witness and another witness who is an officer. One of our positions, Your Honors, it would be strange indeed if the legislature, going back to the 1800s, had intended security deeds to have a lower standard than deeds of conveyance. The only reason for the wording of the mortgage statute, and in the case of real property, one additional witness, is that the mortgage statute could relate to personal property as well. And finally, Your Honor, the statute in question is ambiguous because it says attested or acknowledged by an officer, and in the land, attested or acknowledged by at least one additional witness. That would mean you might not need any witness whatsoever under the way that's worded. You could have two acknowledgements, and that's, I don't think anybody would argue that that's acceptable in Georgia. In fact, Gordon, one would say otherwise. Thank you. All right. Thank you, counsel, and the court will be in recess until 9 o'clock tomorrow morning. All rise.